# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE ROBBINS, STEPHANIE
SCHLUETER, ROBERT A. FABER,
MARY L. MACIEJEWSKI, LINDA
PITTMAN, and MORRIS BROWN,

                Plaintiffs,

v.                                            Case No. 05-C-0315

WOLPOFF & ABRAMSON LLP,

                Defendant.

# DECISION AND ORDER

On March 22, 2005, Christine Robbins filed her complaint in this Court. Since that time, other plaintiffs have joined the action, and several amended complaints have been filed. During the interim between the filing of the original and amended complaints, the defendant Wolpoff & Abramson LLP ("Wolpoff") filed a motion to dismiss, which is currently before the Court for consideration.

I.      STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate only if no relief could be granted based on any set of facts that the plaintiff could prove consistent with her complaint. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6)

motion is viable only if, even accepting all of the alleged facts, the plaintiff has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). When reviewing a complaint under this standard, the Court must accept all of the plaintiff's allegations as true, construe the complaint in the plaintiff's favor, and resolve all doubts in his or her favor. *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Though the plaintiffs filed their amended complaint after Wolpoff filed its motion to dismiss, the Court may still consider the grounds raised in that motion. Several courts have adopted the view that "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." *AXA Corporate Solutions Ins. Co. v. Lumbermens Mut. Cas. Co.*, No. 03 Civ. 8493, 2005 WL 1649045, at *3 n.3 (S.D.N.Y. July 13, 2005) (quoting 6 Charles Alan Wright, et al., *Federal Practice & Procedure*, § 1476 (2d ed. 1990)); *Cabrera v. World's Finest Chocolate, Inc.*, No. 04 C 0413, 2004 WL 1535850, at *1 n.3 (N.D. Ill. July 7, 2004) (stating that an "original motion to dismiss, although aimed at the first complaint, shall stand as to any alleged defects in the complaint that have survived the amendment"). These cases suggest that prior motions to dismiss may be considered in light of subsequent amended complaints.

II. ALLEGATIONS

In this case, the plaintiffs claim that Wolpoff violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. The FDCPA was enacted to end

2

"abusive debt collection practices by debt collectors," like confusing, misleading, or lying to debtors. *See, e.g.*, §§ 1692e, 1692g. The plaintiffs' allegations are based on debt collection letters sent from Wolpoff, a debt collection business, to the plaintiffs regarding debts owed to various entities. (3d Am. Compl. ¶¶ 11, 12, 14, 16, 18, 20, 22.)

Count I of the original complaint, which also appears in the third amended complaint, is the focus of Wolpoff's motion to dismiss. In Count I, the plaintiffs allege that Wolpoff's debt validation notice "contains so much extraneous information and is so convoluted as to confuse and discourage an unsophisticated consumer from knowing and exercising her or his rights . . . ." (*Id.* at ¶ 25.) The confusing part of the letter, they contend, is a debt validation

notice, which tracks, with only minor additions and variations, the entire text of § 1692g.[1]

That portion of the letter states:

> Under the law we are required to inform you of the following information: (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing - (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) unless you, within thirty days after receipt of this notice, dispute the validity of the

---

[1] The statute reads:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) Admission of liability

The failure of the consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

15 U.S.C. § 1692g.

4

> debt, or any portion thereof, the debt will assumed to be valid by this office; (4) if you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you by us; and (5) upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. (b) If you notify us in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, we shall cease collection of the debt, or any disputed portion thereof, until we obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by us. (c) The failure of you to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by you.
>
> This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.
>
> [Please note the law allows a telephone dispute. However, our law firm is not legally required to provide verification of the debt, and/or the name and address of an original creditor, unless you dispute the debt, or request the name of an original creditor, in writing.]

(3d Am. Compl. ¶ 13.)

Wolpoff is required, by statute, to provide certain information to those parties from whom it seeks to collect debts. *See* 15 U.S.C. § 1692g(a). In its letter, Wolpoff apparently included *more* information, in the form of citation to § 1692g, than it was statutorily required. The plaintiffs claim that this is a violation of the FDCPA, 15 U.S.C. § 1692g. (*Id.* at ¶ 25.)

5

III.  ANALYSIS

The original and third amended complaints contain attachments, the debt collection letters sent to the plaintiffs. Rule 10(c) of the Federal Rules of Civil Procedure states that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Therefore, the Court's consideration of the letter does not mandate converting the present motion to one for summary judgment. Fed. R. Civ. P. 12(b); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

Both parties accept the "contention that a debt-collection notice is confusing is a recognized legal claim . . . ." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999). The parties dispute whether the inclusion of additional statutory text, or slight variations thereof, in the dunning letter rendered it "confusing" as a matter of law. Wolpoff answers this inquiry in the negative. In support of its position, Wolpoff points to several cases in which courts found that quotations from the FDCPA, absent more, did not violate the statute. (*See* Br. in Supp. of Def.'s Mot. to Dismiss Compl. 3.) The plaintiffs argue that the question of confusion is a factual one that requires development and is not a suitable ground for dismissal pursuant to Rule 12(b)(6).

For present purposes, two legal rules are relevant to the adjudication of the pending motion. First, the Seventh Circuit has stated that "[h]ow a particular notice affects its audience is a question of fact" and "may not be dismissed under [Rule] 12(b)(6)."[2] *Walker*

---

[2] By contrast, the Second Circuit holds that whether a dunning letter is confusing is a question of law. *See, e.g.*, *Wilson v. Quadramed Corp.*, 255 F.3d 350, 353 n.2 (3d Cir. 2000).

6

*v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999) (explaining that "district judges are not good proxies for the 'unsophisticated consumers' whose interests the statute protects"); *see also Marshall-Mosby*, 205 F.3d at 327 (applying *Walker* to conclude that allegation of confusion is legally sufficient to survive 12(b)(6) motion); *Johnson*, 169 F.3d at 1059 ("A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)."). The *Johnson* court held that plaintiffs are entitled to present additional evidence, in addition to the bare language of the letter, to prove that an unsophisticated consumer would be confused by its contents. *Johnson*, 169 F.3d at 1060. Second, courts in other circuits have declared that the inclusion of statutory language in a dunning letter, absent more, does not violate the requirements of the FDCPA. *See Anderson v. Credit Collection Servs., Inc.*, 322 F. Supp. 2d 1094 (S.D. Cal. 2004).

To aid collectors in avoiding lawsuits by disgruntled debtors, the Seventh Circuit has provided a "safe haven" collection letter. *Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997). In *Bartlett*, the Seventh Circuit considered a letter which both informed the debtor that he had thirty days to contest his debt and told him that if he did not satisfy the debt in one week's time, the collector would sue. The *Bartlett* "safe haven" letter was intended for those "who want to avoid liability for the kind of suit that Bartlett has brought and now won." *Bartlett*, 128 F.3d at 501. That decision carefully explains that the model letter is not "proof against challenges based on other provisions of the statute," which were not before the court.

7

*Id.* The *Bartlett* court warned that collectors who deviate from the form "do so at their own risk." *Id.* at 502. Where there is a variance, the trier of fact must determine whether any deviation from the form increased confusion to the unsophisticated consumer and whether that increase in confusion is excessive. *See Johnson*, 169 F.3d at 1061.

In the present case, Wolpoff provided a disclosure in the collection letter tracking the statutory text of 15 U.S.C.A. § 1692g. The plaintiffs complain that Wolpoff included a modified version of the text of § 1692g(a), (a)(1), and (a)(2) "as if they [the statutory provisions] required 'a statement that' the notice must contain the amount of the debt." (Opp'n Br. 8.) Furthermore, Wolpoff duplicated, with minor variation, § 1692g(b) and (c). This too, the plaintiffs decry as extraneous and confusing information. (*Id.*)

The Court notes that the *Bartlett* safe-haven letter includes more than just those provisions of the FDCPA that debt collectors are "required" to convey. The *Bartlett* letter contains the statutory disclosures required by 15 U.S.C.A. § 1692g(a) as well as a slightly modified version of § 1692g(b). Wolpoff's missives likewise contained a close approximation of § 1692g(b). Yet, the plaintiffs claim that the inclusion of the text of § 1692g(b) is a source of confusion.[3] That position is not tenable under prevailing circuit law

---

[3]The portion of the *Bartlett* safe-haven letter mirroring § 1692g(b) reads:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Bartlett*, 128 F.3d at 502.

8

and undercuts the plaintiffs' contention that the statutory notice requirements in the letter were "buried at the center of a half-page sized chunk of legalese." (Opp'n Br. 8.) Still, elements of the plaintiffs' count remain, namely the inclusion, in Wolpoff's letter, of the information contained in § 1692g(c) and the statement of what is required in § 1692g(a). As such, Wolpoff's letter arguably falls outside the exact parameters of lucidity established in *Bartlett*.

The plaintiffs implicitly argue that a claim of confusion may be legally sufficient even where the confusion arises from language, which, though drawn directly from a relevant statutory provision, is not a subject of mandatory disclosure to a debtor. Thus, the plaintiffs would likely agree that they could not bring a claim of confusion if Wolpoff's letter only cited or paraphrased § 1692g(a)(1)-(5). However, the Seventh Circuit, as evidenced by *Bartlett*, clearly did not think that the inclusion of relevant, statutory language or a close paraphrasing of that language in a dunning letter could give rise to a claim of confusion. Surely the plaintiffs do not think that a missive identical to the *Bartlett* letter is susceptible to a claim of confusion because the Seventh Circuit included relevant statutory information, the disclosure of which was not technically required by the terms of § 1692g. That, however, is the argument that the plaintiffs press on the Court now.

The plaintiffs might argue that the *Bartlett* letter, whatever its parameters, established the boundaries of content past which collectors venture at their own risk. Even so, this Court may, as a matter of law, determine whether certain modifications are in compliance with

9

statutory requirements or come within the boundaries of the safe-haven letter. For example, if a collector mirrored the Bartlett letter with exactitude, but added a sentence stating that "These statements are an attempt to comply with applicable law," would the inclusion of that statement create an issue for the trier of fact? What about changes in particular words of the model letter that nevertheless left the meaning of the communication intact? The Court must still exercise *some* gate keeping function; the alternative is the prospect of stating a claim for relief based on utterly superfluous stylistic or grammatical variations.

So, while confusion is an issue for the trier of fact in this circuit, it seems inevitable that certain preliminary questions may still be addressed as matters of law under Rule 12(b)(6). The Court, cognizant of federal notice pleading standards and drawing all inferences in favor of the plaintiffs, finds that Wolpoff's inclusion, in its dunning letter, of identical or closely paraphrased statutory language from § 1692g, adhering to both the order and content of that section, cannot state a claim for confusion as a matter of law.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Wolpoff's Motion to Dismiss (Docket No. 7) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 24th day of March, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**