# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE ROBBINS, STEPHANIE
SCHLUETTER, ROBERT A. FABER,
MARY L. MACIEJEWSKI, LINDA
PITTMAN, and MORRIS BROWN,

           Plaintiffs,

v.                                                                         Case No. 05-C-0315

WOLPOFF & ABRAMSON LLP,

           Defendant.

## DECISION AND ORDER

This case involves an alleged "false, deceptive, or misleading" representation, in violation of the Fair Debt Collection Practice Act ("FDCPA"), contained in a debt collection form letter used by the defendant, Wolpoff & Abramson, L.L.P. ("Wolpoff"). *See* 15 U.S.C. 1692(g) (1977)[1]. On January 17, 2006, the plaintiffs filed their Motion to Certify Class. The plaintiffs' proposed class, with over 100 potential members, would include "(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A [to the Third Amended Complaint], (c) seeking to collect a debt for

---

[1] On March 24, 2006, the Court granted the defendant's Motion to Dismiss Count 1 of the plaintiffs' Third Amended Complaint. The plaintiffs' remaining count alleges that the defendant's form letter contains "an untrue statement." (3d Am. Compl. ¶ 27.)

personal, family or household purposes, (d) on or after the date one year prior to the filing of this action, (e) that was not returned by the postal service." (Pls.' Mot. Class Cert. 1.)

For the reasons that follow, plaintiffs' motion is granted.

I. LEGAL STANDARD

A class action will be certified only if all of the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). These four prerequisites are: (1) numerosity; (2) commonality; (3) typicality; and (4) fair and adequate representation. Fed. R. Civ. P. 23(a); *see Rosario v. Livaditas*, 963 F.2d 1013, 1017 (7th Cir. 1992). Additionally, "the potential class must also satisfy at least one provision of Rule 23(b)." *Rosario*, 963 F.2d at 1017. In this case, the plaintiff will attempt to satisfy Rule 23(b)(3). Fed. R. Civ. P. 23(b). The plaintiffs bear the burden of proving all the elements for class certification. *Amchen Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Retired Chicago Police Ass'n*, 7 F.3d at 596.

Courts retain broad discretion when determining whether class certification is appropriate, *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998), and should liberally interpret the requirements of Rule 23. *King v. Kansas City S. Indus.*, 519 F.2d 20, 25-26 (7th Cir. 1975). This does not mean that courts should simply rubber stamp requests for certification. A class should be certified only after "rigorous analysis" that the plaintiffs have satisfied the requirements for class certification. *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

2

A. Rule 23(a) Prerequisites

The first prerequisite the plaintiffs must satisfy, numerosity, requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Joinder need only be difficult or inconvenient, not impossible. *Great Neck Appreciation Inv. P'ship* v. *PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 407 (E.D. Wis. 2002). The number of members is "often the overriding factor in a court's assessment of the impracticability of the joinder." *Id.*

The second prerequisite, commonality, requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A "common nucleus" of law or fact usually satisfies this prerequisite. *Rosario*, 963 F.2d at 1018. Particularly pertinent to the instant motion, an allegedly illegal form letter sent to all of the proposed class member by a defendant typically establishes commonality. *Keele*, 149 F.3d at 594.

The third prerequisite, typicality, requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement focuses on "whether the named representatives' claims have the same essential characteristic as the claims of the class at large." *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Minor factual differences between class representatives and proposed members does not necessarily undermine typicality; a common legal issue shared by the class representatives and all members of the potential class predominates over minor factual differences. *Id.*

3

The final prerequisite the plaintiffs must satisfy, fairness and adequacy of representation, requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This Court must ensure that both counsel and class representative will protect the "different, separate, and distinct interests" of the class members. *Retired Chicago Police Ass'n*, 7 F.3d at 598 (*quoting Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)(en banc)). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018.

B.  Rule 23(b)(3) Requirement

Rule 23(b)(3) requires that (1) "the questions of law or fact to the members of the class predominate over any questions affecting only individual members"; and (2) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The predominance of questions of law and fact affecting the class over individual members of the class is primarily resolved by assessing "the proof necessary to establish the class members' claims under the applicable substantive law." *Retired Chicago Police Ass'n*, 7 F.3d at 598. A class action is superior to individual litigation because of the ability of a class action suit to settle a claim when an individual does not have the incentive or ability to exercise his or her individual right. *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). This ability to settle claims that an individual cannot or

4

has no incentive to is "at the very core of the class action mechanism." *Mace*, 109 F.3d at 344 (7th Cir. 1997).

II. ANALYSIS

The plaintiffs filed their motion to certify before the Court resolved a motion to dismiss filed by Wolpoff. In a decision and order dated March 24, 2006, the Court found the plaintiffs could not maintain the claim that Wolpoff's debt validation letter contained so much extraneous information as to confuse an unsophisticated consumer. The plaintiffs's sole claim at this point in this action is that Wolpoff's validation notice contained a false statement.

The defendant focuses its argument on two prongs of the class certification analysis. Specifically, the defendant contests (1) the adequacy and fairness of the proposed class's representation; Fed. R. Civ. P. 23(a)(4); and (2) contends that the questions of law or fact affecting members of the class do not predominate over those questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). Overcoming the defendant's objections does not guarantee the success of the plaintiff's motion. The plaintiffs still bear the burden of establishing that the proposed class satisfies all of the certification prerequisites.

A. Uncontested Elements

Before delving into disputed matters, the Court considers whether the plaintiffs have satisfied the class certification criteria that are not contested by Wolpoff. First, the Court finds that the plaintiffs have established numerosity. Wolpoff concedes that over 100 people

5

received the initial form letter at the heart of this suit.[2] Absent the vehicle of a class action, joinder of over 100 people would prove difficult and inconvenient. *Great Neck Appreciation Inv. P'ship*, 212 F.R.D. at 407. Second, the requirement of commonality is satisfied. All of the proposed class members received the defendant's collection form letter. (O'Reilly Decl., Ex. A-F); *Keele*, 149 F.3d at 594. Additionally, the lone issue of the alleged "false" or "misleading" representation "in connection with the collection of any debt" under 15 U.S.C. section 1692(e), is a "common nucleus" of law or fact. *Rosario,* 963 F.2d at 1018. Third, the plaintiffs' claim is typical, because their claim, as well as the claim of every member of the potential class, arises from their receipt of the defendant's form letter and the alleged "false" representation therein. 15 U.S.C. §1692(e); *De La Fuente v. Stokely-Van Camp. Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory.") Any minor factual differences between the class representative and the proposed class members are trumped by the common legal theory of the alleged "false representation." *Id.*

The plaintiffs also have demonstrated that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The purpose of the FDCPA is to "protect consumers of below-average sophistication . . . who

---

[2] - "In the meantime, we do stipulate to your proposal that plaintiff will accept (at this time) a stipulation that [the defendant] sent initial debt communications in the form represented by Exhibit A to more than 100 people with Wisconsin addresses within the relevant time frame." (O'Reilly Decl., Ex. G (quotations omitted).)

are thus especially vulnerable to unscrupulous debt collectors." *Turner v. J.V.D.B. & Assoc.*, 330 F.3d 991, 997 (7th Cir. 2003). Thus, this court recognizes a class action suit is a superior method to protect individuals who may not be aware of the defendant's alleged FDCPA violation.

B.   Contested Elements

The defendant claims that (1) the "plaintiffs have failed to meet their burden of establishing that they can fairly and adequately represent the interest of the proposed class"; (2) the plaintiffs' counsel failure "to comply with obligatory rules of professional conduct disqualifies them from serving as class counsel"; and 3) the plaintiffs "have also failed to establish that questions of law or fact common to the class predominate over questions affecting only individual members." (Def.'s Resp. Br. 11, 16, 18.)   The defendant argues that the plaintiffs have not met their burden under the "rigorous analysis" required by the Supreme Court.  (*Id*. at 11.)  The defendant's arguments are problematic.

The defendant first argues that "none of the Plaintiffs are qualified to serve as class representative."  (Def.'s Resp. Br. 11.)  The defendant argues that the plaintiffs show a "remarkable" lack of interest and knowledge in their case and are mere "pawns" of their counsel. (*Id*. at 12, 13.) Undoubtedly, a class representative should have "some commitment to the case."  *Rand v. Monsanto Co.*, 926 F.2d 596, 598-99 (7th Cir. 1991).   "Some commitment" may mean, for example, that the plaintiff is willing to make  "some financial commitment," though he need not be "willing to stake his entire fortune" for the benefit of

7

the class. *Id.* at 599. Most of the plaintiffs have demonstrated "some commitment" to the class action by appearing for their depositions. Furthermore, the very nature of the alleged FDCPA violation suggests that the law must protect "unsophisticated consumers" who likely only possess a superficial understanding of debt collection matters. In other words, a lack of comprehensive knowledge on the part of the plaintiffs is practically presumed. *Turner v. J.V.D.B. & Assoc.*, 330 F.3d at 997. The plaintiffs need not grasp the complexities of the FDCPA; they need only be willing to make some commitment. Thus, Wolpoff has not convinced the Court that the plaintiffs have a "remarkable" lack of interest in, or commitment to, the class they propose to represent.

Nor is the Court persuaded by the defendant's argument that the plaintiffs are "mere pawns" of their counsel. Several deposed plaintiffs were able to recite their duties as possible class representatives. (Schlueter Dep. 50-52; Faber Dep. 38-40; Maciejewski Dep. 50; Brown Dep. 12, 14.) The Court does not foresee "antagonistic or conflicting claims" between the plaintiffs and any potential class member, because they all seek common relief: monetary damages. (3d Am. Compl. ¶ 36); *Rosario*, 963 F.2d at 1018. Therefore, the plaintiffs are adequate representatives of the class, because (1) they are adequate representatives with "some commitment" to the class action suit and an adequate knowledge of their duties as a class representative; and (2) they do not have any "antagonistic or

8

conflicting claims" with any of their proposed class members. *See Retired Chicago Police Ass'n*, 7 F.3d at 598; *see Rosario*, 963 F.2d at 1018.[3]

The defendant next targets the adequacy of the plaintiffs' counsel by suggesting that they violated professional rules of conduct. (Def.'s Resp. Br. 16.) This claim is loosely based on several of the plaintiffs' inability to recall signing a written contingency fee statement as required by the Supreme Court of Wisconsin rules. SCR 20:1.5(c). This argument is without merit. The plaintiffs' counsel states that he has these signed contingency agreements, and can produce them at the Court's request. (Pls.' Reply Br. 16.) The Court has no reason to suspect an infraction of counsel's ethical obligations. The Court further notes that plaintiffs' counsel is experienced in class actions and specializes in consumer and business civil litigation. (O'Reilly Decl., Ex. H.) Based on these considerations, the Court finds plaintiffs' counsel adequate to represent the interests of the proposed class.

As part of their last argument, Wolpoff argues that if this Court took a "closer look" at the questions of law and facts in the plaintiffs' claim, the Court would find that "the key issues in this matter are individual ones." (Def.'s Resp. Br. 19 (emphasis omitted).) The defendant argues that individual issues predominate because the plaintiffs did not find the

---

[3] In this respect, defendant also filed a Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification (Docket # 52), arguing that plaintiff Linda Pittman should be disqualified as a class representative because of a past felony conviction and an "admitted lack of financial responsibility based on her receipt of unemployment benefits which she was not entitled to." (Def.'s Supp. Mem. 2). However, the credibility of individual plaintiffs is of minimal significance in this case because the FDCPA is a strict liability statute, and claims under the Act are viewed through the eyes of the "unsophisticated consumer." *See Arellano v. Etan Industries, Inc.*, 1998 WL 417599 at *2 (N.D. Ill. July 20, 1998). Therefore, Pittman's criminal history does not disqualify her as an adequate representative for the proposed class.

9

debt collection letters "confusing," "harassing," or "abusive." (*Id*. (quoting Robbins Dep. 61-62; Schlueter Dep. 51; Faber Dep. 52-53; Maciejewski Dep. 28-30; Brown Dep. 45-46).) The individual issue of whether the plaintiffs found the defendant's form letter "confusing" is irrelevant, because the Court dismissed the plaintiffs' claim that the defendant's debt collection letter "contains so much extraneous information and is so convoluted as to confuse and discourage an unsophisticated consumer from knowing and exercising her or his rights . . . ." (3d Am. Compl. ¶ 25.) The plaintiffs' remaining claim alleges that the defendant's form letter included "an untrue statement." (3d Am. Compl. ¶¶ 26-30.) This alleged untrue statement is a "question of law or fact" that predominates "over any questions affecting only individual members." Fed. R. Civ. P 23(b)(3).

III. CONCLUSION

As discussed above, plaintiffs have met the required elements for class certification under Fed. R. Civ. P. 23, and defendant's objections are without merit.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' Motion to Certify Class (Docket No. 28) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 24th day of August, 2006.

> BY THE COURT
>
> s/ Rudolph T. Randa
> **Hon. Rudolph T. Randa**
> **Chief Judge**