# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE ROBBINS,
STEPHANIE SCHLUETER,
ROBERT A. FABER,
MARY L. MACIEJEWSKI,
LINDA PITTMAN and
MORRIS BROWN,

                          **Plaintiffs,**

v.                                                               Case No. 05-C-315

WOLPOFF & ABRAMSON, LLP,

                          **Defendant.**

# DECISION AND ORDER

This class action involves an alleged "false, deceptive, or misleading" representation, in violation of the Fair Debt Collection Practices Act ("FDCPA"), contained in a debt collection letter used by the defendant, Wolpoff & Abramson, LLP ("Wolpoff"). *See* 15 U.S.C. § 1692e. On August 15, 2006, the plaintiffs filed a motion to compel, which is now pending before this Court.

The first item of contention is Interrogatory #7, in which the plaintiffs ask Wolpoff to identify the names and addresses of all those in Wisconsin to whom Wolpoff sent the relevant debt collection letter. The plaintiffs claim that this information is necessary to notify the potential class members of this lawsuit. At the time, Wolpoff objected because the Court had not yet decided the issue of class certification, so the request was "premature."

However, on August 24, 2006, this Court granted class certification. Thus, Wolpoff must respond to Interrogatory #7 and provide the requested information.

The next questionable discovery request is Interrogatory # 11, in which the plaintiffs ask that Wolpoff provide the "caption, court, civil action number and result [of] all litigation filed against the Defendant alleging at least one violation of" the FDCPA. The plaintiffs claim that they need this information to respond to Wolpoff's *bona fide* error defense, yet they do not explain how previous litigation that Wolpoff faced has anything to do with the *bona fide* error defense. The Court fails to see how this information is relevant, and will not compel discovery of that information.

In Interrogatory # 14, the plaintiffs ask that Wolpoff do the following:

> Describe, step-by-step, the process which resulted in [the debt collection letter] being transmitted to plaintiff, beginning with the date and method of transmission of plaintiff's information to Wolpoff, *e.g.*, computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

This request is overbroad and unduly burdensome, and the plaintiffs fail to explain how this information is relevant to responding to the *bona fide* error defense. Accordingly, Wolpoff need not respond to Interrogatory # 14 either.

Finally, the plaintiffs seek to compel Wolpoff to provide the documents requested in Requests for Production #9, 10, 11, 13, 14, 15, and 16. These requests seek

2

documents pertaining to the practices and procedures of Wolpoff regarding compliance with the FDCPA, documents of any communications regarding compliance with the FDCPA, and documents regarding any audits, governmental investigations, and lawsuits regarding compliance with the FDCPA. Like Interrogatory #14, these requests are overbroad and unduly burdensome. Furthermore, the relevance such documents would have on the adjudication of the *bona fide* defense, if even adjudication of that defense will be necessary, is limited, at best. Accordingly, the Court will also deny the plaintiffs' motion to compel the production of those documents.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' Rule 7.4 Motion to Compel (Docket No. 55) is **GRANTED**, in part, and **DENIED**, in part. Wolpoff must respond to Interrogatory #7 no later than **November 1, 2006**. Furthermore, the plaintiffs shall have until **November 20, 2006**, to respond to Wolpoff's Motion for Summary Judgment.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2006.

**BY THE COURT:**

**s/Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**