# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE ROBBINS, STEPHANIE
SCHUETER, ROBERT A. FABER,
MARY L. MACIEJEWSKI, LINDA
PITTMAN, and MORRIS BROWN,

     **Plaintiffs,**

v.                Case No. 05-C-315

WOLPOFF & ABRAHAMSON, L.L.P.,

     **Defendant.**

# DECISION AND ORDER

  This is a class action in which the Plaintiffs have sued Wolpoff & Abrahamson, L.L.P. ("Wolpoff"), for an alleged violation of section 1692e of the Fair Debt Collection Practices Act ("FDCPA"). Wolpoff filed a motion for summary judgment, which is now pending before the Court.

## BACKGROUND

  The relevant facts in this case are largely without dispute. Between October 2004 and April 2005, Wolpoff sent debt collection letters to the individual Plaintiffs. All of the letters claimed that the law required Wolpoff to provide certain information regarding the rights and obligations of debtors and creditors during the debt collection process. The letter, in its totality, provided:

> Under the law we are required to inform you of the following information: (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office; (4) if you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us; and (5) upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. (b) If you notify us in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, we shall cease collection of the debt, or any disputed portion thereof, until we obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by us. (c) The failure of you to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by you.
>
> This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.
>
> [Please note the law allows a telephone dispute. However, our law firm is not legally required to provide verification of the debt, and/or the name and address of an original creditor, unless you dispute the debt, or request the name of an original creditor, in writing.]

(Plaintiff's Proposed Findings of Fact ¶ 16.)

Despite Wolpoff's statement that the law required it to provide all of the foregoing information, section 1692g of the FDCPA only required Wolpoff to provide about half of the information above. It is undisputed that nothing in sections (b) or (c) in the excerpt above is a required disclosure. *See* 15 U.S.C. § 1692g.

2

When preparing its debt collection letters, Wolpoff assigns attorneys the task of continually reviewing all reported decisions regarding the FDCPA, so as to ensure their compliance with the requirements of section 1692g. (Abramson Aff. ¶¶ 6-7.) In particular, Wolpoff contracted a professor of law and consumer attorney, Robert Arleo, who reviewed all of Wolpoff's initial disclosure letters, including the one that is at issue in this case, and advised Wolpoff that the letters complied with the requirements of section 1692g. (Defendant's Proposed Findings of Fact ¶¶ 7-9.)

**STANDARD OF REVIEW**

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "material fact" is one which, under the relevant substantive law, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact exists if a reasonable juror could find that the evidence supports a verdict for the nonmoving party. *Id*.

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When considering the movant's case, the Court should take all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

3

(1986); *Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004). If the movant meets his burden (by showing an absence of a genuine issue of material fact), the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to establish the existence of an element essential to [his] case," summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23.

## DISCUSSION

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Plaintiffs allege that Wolpoff violated this provision, and should be held liable to the entire class, because it inaccurately stated that the law required it to provide more information than it was actually required to give.

The Plaintiffs' argument relies heavily on this Court's Order of June 22, 2005. At that time, the Court ruled on a Rule 7.4 Expedited Non-Dispositive Motion for Leave to File an Amended Complaint. Christine Robbins, who was the only plaintiff at that time, requested in her expedited motion that the Court allow her to add the section 1692e claim to her complaint. Wolpoff opposed the expedited motion, arguing that the section 1692e

4

claim was futile. This Court granted Robbins's motion to amend, and stated that "assuming that Wolpoff's letter is correctly quoted in Robbins's complaint, it contains a 'false' statement, which is prohibited by § 1692e." The Court also said "that victory for Robbins . . . is [not] a foregone conclusion." Under the limited procedure of Local Rule 7.4 (limiting briefing to 3 pages) and the strict standard of review, the Court was required to find that the subject statement was undisputedly false and that the FDCPA proscribed false statements. The Court required further briefing on the issue of whether the statement, while false, was the type of statement banned by the statute.

After considering the parties' briefs in support and in opposition to this motion for summary judgment, the Court finds that the false statement that Wolpoff made in its debt collection letter is not the type of false statement that Congress intended to address when it passed the FDCPA. Therefore imposing liability, pursuant to section 1692e, upon Wolpoff in these circumstances would contravene the original intent of Congress when it passed the FDCPA.

A long recognized canon of statutory construction is that a court ought not apply the plain language of a statute when it would lead to "patently absurd consequences." *See, e.g., United States v. Brown*, 333 U.S. 18, 27 (1948); *Smith v. Bowen*, 815 F.2d 1152, 1154 (7th Cir. 1987) ("A literal construction is inappropriate if it would lead to absurd results or would thwart the obvious purposes of the statute."). This exception must be used rarely, that is, only "where it is quite impossible that Congress could have intended

5

the result," and "where the alleged absurdity is so clear as to be obvious to most anyone." *Public Citizen v. United States Department of Justice*, 491 U.S. 440, 470-71 (1989) (Kennedy, J., concurring). Otherwise, if courts loosely invoke the "absurd result" canon of statutory construction, it would create the risk that courts will exercise its own "will instead of judgment, with the consequence of substituti[ng] [its own] pleasure to that of the legislative body." The Federalist No. 78, p. 404 (Carey & McClellan eds. 1990) (A. Hamilton) (emphasis removed). However, when this narrow exception is used in a proper manner, it is an effective tool to ensure that a statute's application does not actually contravene the purpose of Congress in an unusual circumstance. *See Public Citizen*, 491 U.S. at 470.

The present circumstances present the rare occasion when the use of the "absurd result" canon of statutory construction is appropriate. Congress passed the FDCPA so as to "eliminate abusive debt collection practices by debt collectors," and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." To that end, the FDCPA requires debt collectors to send the consumer a written notice containing certain pertinent information listed in section 1692g(a). In the instant case, Wolpoff complied with section 1692g(a), providing all of that relevant information. However, Wolpoff also included *more* information than it was required to provide, information that the Plaintiffs said they found helpful at the time. (Defendant's Proposed Findings of Fact ¶ 5.)

6

Plaintiffs insist on a strict construction of the statute and urge that Wolpoff be held liable because of its erroneous statement. While it is undisputed that section 1692e prohibits debt collectors from making false representations, and Wolpoff's statement in its letter that the law required it to provide the additional information was not true, this is not the abusive practice that Congress sought to circumscribe. It would be an absurd result to hold that section 1692e is violated when a debt collector provides *more* information than the law requires, and erroneously states that the law requires it. That is to say, it "is quite impossible that Congress could have intended" that section 1692e should apply to a false statement like the one Wolpoff made here.

In reaching its conclusion, the Court is particularly persuaded by *Headen v. Asset Acceptance, L.L.C.*, 383 F.Supp.2d 1097 (S.D. Ind. 2005), which was decided after this Court's Order of June 22, 2005. In *Headen*, the defendant was accused of violating section 1692e of the FDCPA by making a settlement offer with a time limit, which, according to the plaintiff, deceptively implied that the offer would expire forever and no better offer would ever be made. The court concluded that, even if it were to find that the settlement offer was a deceptive representation, it would not be a violation of section 1692e because such a finding would plainly contravene the purpose of the statute. *See id.* at 1102-03, 1107. The court reasoned that if a settlement offer with a time limit is "deceptive," it "would turn the FDCPA upside down and would make it more difficult for debtors to resolve their debts at a discount." *Id.* at 1099. Furthermore, the court

7

stated that such a holding would mean that "any deadline will subject the collector to a lawsuit under the FDCPA if the debt collector later shows any flexibility at all, as to either the deadline or the amount of the demand." *Id*. at 1104. Because such a holding would plainly contravene the purpose of Congress, the court granted the defendant's motion to dismiss. *Id*. at 1107.[1]

A more absurd result would follow if the Court held Wolpoff in violation of section 1692e. The letter at issue here provided more information than it was required to do by law. Wolpoff informed the Plaintiffs of the terms of section 1692g(b) that explained what would happen if the Plaintiffs disputed the validity of their debt. Specifically, Wolpoff told the Plaintiffs that if they disputed the validity of the debt, Wolpoff would cease the collection of the debt until it obtained verification of the debt. In addition, Wolpoff conveyed to the Plaintiffs the terms of section 1692g(c). Section 1692g(c) provides that if the consumer did not dispute the validity of the debt, it would not be construed later by any court as an admission of liability. The Plaintiffs found this extra information helpful, yet now, seek to hold Wolpoff liable for stating that they were required to do so. Such a result would be patently absurd.

As previously stated, Congress expressly intended the FDCPA to eliminate "abusive debt collection practices," but also to "insure that those debt collectors who

---

[1] The court in *Headen* also found that the letter was not deceptive as a matter of law. *Id*. at 1102. Nevertheless, the court also reasoned that even if it was a deceptive letter, it would be plainly unreasonable to find a violation of 1692e in such a circumstance. *See id*. at 1099, 1103-04, 1106-07.

8

refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(a). While not accurate, it is not an "abusive debt collection practice" for a debt collector to state that the law requires it to provide more useful information than actually required. To subject such a collector to a lawsuit under the FDCPA would contravene the other express purpose of the Act which is to protect such a collector from competitive disadvantage.

Even if the Court were to find that Wolpoff's letter was a violation of section 1692e, Wolpoff has provided enough evidence to meet its burden of demonstrating that it acted in good faith. To qualify for the good faith defense, a defendant bears the burden of showing that (1) "the presumed FDCPA violation was not intentional," (2) "the presumed FDCPA violation resulted from a bona fide error," and (3) "it maintained procedures reasonably adapted to avoid any such error." *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). Here, Wolpoff demonstrated that it frequently monitors case developments regarding the requirements of FDCPA, periodically reviews and updates its disclosures based upon those decisions, and even hired a law professor to review their debt collection letters and solicit his opinion as to whether they complied with the FDCPA. Accordingly, in this case, Wolpoff met its burden of demonstrating that it acted in good faith and maintained procedures to avoid FDCPA violations, and as such, would avoid liability for its false statement, if the false statement was proscribed by the statute.

9

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Wolpoff's Motion for Summary Judgment (Docket No. 61) is **GRANTED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2007.

                                        **BY THE COURT**

                                        s/ Rudolph T. Randa
                                        **Hon. Rudolph T. Randa**
                                        **Chief Judge**